UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

GABRIEL DEON LOGAN (#425940)

VERSUS                                           CIVIL ACTION

CAPT. J. DAWSON, ET AL                           NUMBER 09-417-JJB-SCR

**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
    In accordance with 28 U.S.C. § 636(b)(1), you have ten days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within ten days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, November 30, 2009.

                                        STEPHEN C. RIEDLINGER
                                        UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

GABRIEL DEON LOGAN (#425940)

VERSUS                                               CIVIL ACTION

CAPT. J. DAWSON, ET AL                               NUMBER 09-417-JJB-SCR

MAGISTRATE JUDGE'S REPORT

Pro se plaintiff, an inmate confined at Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Warden Burl Cain, Capt. J. Dawson and Capt. Reed.  Plaintiff alleged that on May 16, 2009 he was issued a false disciplinary report and was subjected to an excessive use of force in violation of his constitutional rights.  Defendants J. Dawson and Capt. Reed were not served with the summons and complaint.  Defendant Warden Cain has filed a motion for summary judgment, which the plaintiff has opposed.[1]

Subsection (c)(1) of 42 U.S.C. § 1997e provides the following:

> The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim

---

[1] Record document numbers 11 and 22, respectively.  The motion is based partly on the argument that the plaintiff failed to exhaust his administrative remedies.  It is unnecessary to address this issue.

> upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

An in forma pauperis suit is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733 (1992); *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 1831-32 (1989); *Hicks v. Garner*, 69 F.3d 22, 24 (5th Cir. 1995). A court may dismiss a claim as factually frivolous only if the facts are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional. *Denton,* 504 U.S. at 33-34, 112 S.Ct. at 1733. Pleaded facts which are merely improbable or strange, however, are not frivolous for section 1915(d) purposes. *Id.; Ancar v. SARA Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992). Dismissal under 28 U.S.C. §1915(d) may be made at any time before or after service of process and before or after an answer is filed. *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

Plaintiff alleged that on May 16, 2008, he was issued a false disciplinary report by Capt. Dawson accusing the plaintiff of failing to comply with his orders to stand during the national anthem and prayer which preceded a BMX bike show held on the prison grounds. Plaintiff further alleged that he was subjected to an excessive use of force by Capt. Dawson and Capt. Reed while he was being escorted to administrative lockdown.

Plaintiff brought this action against Warden Cain in both his

2

individual and official capacities.

Section 1983 does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties.  Neither a State nor its officials acting in their official capacities are "persons" under section 1983.  *Will v. Michigan Department of State Police*, 491 U.S. 58, 109 S.Ct. 2304 (1989).

Plaintiff named Warden Cain as a defendant but failed to allege any facts against him which rise to the level of a constitutional violation.  Nor does the plaintiff's opposition to defendant Warden Cain's motion for summary judgment contain any factual allegations sufficient to state a claim against him.

To be liable under § 1983, a person must either be personally involved in the acts causing the alleged deprivation of constitutional rights, or there must be a causal connection between the act of that person and the constitutional violation sought to be redressed.  *Lozano v. Smith*, 718 F.2d 756 (5th Cir. 1983). Plaintiff's allegation that Warden Cain is responsible for the actions of his subordinates is insufficient to state a claim under § 1983. *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018 (1978).

Plaintiff's allegation that Warden Cain failed to respond to his letters or provide him with a requested polygraph examination does not rise to the level of a constitutional violation.

Because it is clear that the plaintiff's claims have no arguable basis in fact or in law the complaint should be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

Plaintiff was mailed notice that defendants Capt. J. Dawson and Capt. Reed were not served by the U.S. Marshal and why they were not served.[2]  Plaintiff has not provided the additional information needed to serve these defendants, nor requested more time to serve them, nor taken any other action to obtain service on them.

Rule 4(m) provides, in pertinent part, as follows:

If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

The claims against these defendants should be dismissed pursuant to Rule 4(m) if the plaintiff does not show good cause for failing to serve them.  Plaintiff bears the burden of showing good cause for failure to effect timely service.[3]  This Magistrate Judge's Report constitutes notice to the plaintiff of the impending

---

[2] Record document number 21.

[3]  To establish good cause, a plaintiff must demonstrate at least as much as would be required to show excusable neglect, and simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice.  *Lindsey v. United States Railroad Retirement*, 101 F.3d 444, 446 (5th Cir. 1996).

4

dismissal of his claims against defendants Capt. J. Dawson and Capt. Reed.[4]

RECOMMENDATION

It is the recommendation of the magistrate judge that the plaintiff's complaint be dismissed as frivolous pursuant to 28 U.S.C. §1915(e)(2)(B)(i).  It is further recommended that the plaintiff's claims against Capt. J. Dawson and Capt. Reed be dismissed for failure to prosecute pursuant to Rule 4(m), Fed.R.Civ.P., unless the plaintiff shows good cause for failing to timely serve them.

Baton Rouge, Louisiana, November 30, 2009.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[4] It is well established that a dismissal without prejudice is permitted by Rule 4(m) even when a re-filed complaint would be time-barred.  *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304 (5th Cir. 1985); *McDonald v. United States*, 898 F.2d 466 (5th Cir. 1990); *Traina v. United States*, 911 F.2d 1155 (5th Cir. 1990); *Peters v. United States*, 9 F.3d 344 (5th Cir. 1993);  *contra Millan v. USAA General Indem. Co.*, 546 F.3d 321 (5th Cir. 2008)(applying Rule 41(b) standard to Rule 4(m) dismissal).

5